IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TEDDY B. BATES                                                 PLAINTIFF

vs.                                     Civil No. 6:18-cv-6020

NANCY A. BERRYHILL                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Teddy Brock Bates, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Income Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

Plaintiff protectively filed his application for DIB on September 11, 2012. (Tr. 10). In this application, Plaintiff alleges being disabled due to: shoulder problems, back problems, leg problems, depression, anxiety, schizophrenia, panic attack with agoraphobia, diabetes and peripheral neuropathy, a closed head injury, confusion, black outs, and memory loss with an alleged onset date of August 9, 2010. (Tr. 245, 255, 284, 752, 791, 819). This application was denied initially and again upon reconsideration. (Tr. 10). Plaintiff requested an administrative hearing and that administrative hearing was held on March 7, 2017. (Tr. 30-65). At this hearing,

Plaintiff was present and was represented by counsel, Shannon Muse Carroll. (Tr. 10, 30-65). Plaintiff, witness Sheila Lawrence, and a Vocational Expert ("VE") testified at the hearing. *Id.* At the time of the hearing, Plaintiff was forty-nine (49) years old and had a GED. (Tr. 32).

Following the hearing, on May 23, 2014, the ALJ entered an unfavorable decision. (Tr. 10-25). The ALJ found Plaintiff had last met the insured status requirements of the Act on September 30, 2015. (Tr. 12, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, degenerative two shoulder surgeries and right shoulder rotator cuff tear, knee degenerative joint disease, diabetes mellitus, depression, anxiety, and organic mental impairment. (Tr. 12-15, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings:"). (Tr. 15-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [L]ift 10 pounds occasionally, and to frequently lift and/or carry less than 10pounds, and to walk and stand for 2 hours in an 8-hour work day, and sit for 6 hours in an 8 hour workday, as defined by the regulations at 20 CFR SS404. The claimant cannot climb, use ladders, ropes, scaffolds or crawl. The claimant should avoid reaching overhead and can frequently but not constantly handle and finger. The claimant can make simple work related decisions and has the ability to understand, carryout, and remember short and simple tasks and instructions. The claimant requires nonpublic work and requires minimal coworker or supervisory interaction.
> *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). The ALJ determined Plaintiff was not capable of performing any of his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as an order clerk with approximately 185,000 such jobs in the nation, or a charge account clerk with approximately 180,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from his onset date of August 9, 2010, through the date of this decision. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 6). The Appeals Council denied this request for review. (Tr. 1-4). Plaintiff filed an appeal which was decided on June 1, 2016, by this Court. (Tr. 602-610). In that decision we found that the ALJ did not properly comply with the requirements of *Polaski* and failed to appropriately consider Plaintiff's subjective complaints. (Tr. 606-609). Specifically, we found the ALJ improperly focused only upon whether Plaintiff's subjective complaints were supported by his medical records and remanded the case. *Id*.

A second administrative hearing was held on May 31, 2017. (Tr. 454-491). At this hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carroll. *Id.* Plaintiff and a Vocational Expert ("VE") testified at the hearing. *Id*. At the time of the hearing, Plaintiff was fifty-two (52) years old, had completed the eleventh grade in school, and had a GED. (Tr. 458-459).

Following the hearing, on December 14, 2017, the ALJ entered a partially favorable decision. (Tr. 423-442). The ALJ found Plaintiff had last met the insured status requirements of the Act on September 30, 2015. (Tr. 431, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 431, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus, right shoulder adhesive capsulitis and degenerative joint disease, obesity, history of depression and anxiety, and adjustment disorder with mixed depression and anxiety. (Tr. 431-432, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings. (Tr. 432-433, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 433-440, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404/1567(a) and 416.967(a). Specifically, the claimant is able to lift and carry, and push and pull, up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour workday. The claimant required the use of a cane for ambulation. The claimant can occasionally reach overhead to the left and right. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can perform simple, routine, and repetitive tasks, and make simple work related decision. The claimant can perform jobs where interpersonal contact is limited to the work performed.
> *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 440, Finding 6). The ALJ determined Plaintiff was not capable of performing any of his PRW. *Id*. The ALJ found prior to the established disability onset date, Plaintiff was a younger individual age 45-49

4

and on January 11, 2015, Plaintiff's age category changed to an individual closely approaching advanced age. (Tr. 440, finding 7).

The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform prior to January 11, 2015, the date of his age category change. (Tr. 441, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id*. Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as a patcher with approximately 6,700 such jobs in the nation, or a touch up screener with approximately 8,500 such jobs in the nation. Id. Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from his onset date of August 9, 2010, through January 11, 2015, the date that his age category changed. (Tr. 442, Finding 12).

On February 26, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.** **<u>Applicable Law</u>:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

5

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred by ignoring crucial evidence supporting his disability beginning April 13, 2012. ECF No. 13, P. 1. More specifically, Plaintiff argues that the ALJ's physical and mental RFC determinations were not supported by substantial evidence, and that the ALJ improperly discredited Plaintiff's subjective complaints of pain. ECF No. 13, Pgs. 4-19. In response, Defendant argues the ALJ properly evaluated Plaintiff's alleged subjective symptoms, and that the RFC finding was supported by substantial evidence. ECF No. 21.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of March 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE